UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

REGENT INSURANCE COMPANY,

Plaintiff,

v.   4:13-cv-168

BRAVO FOOD SERVICE, INC., BRAVO FOODS, LLC., ALDEN HANVEY, MITCHELL'S SERVICE CENTER d/b/a H&H AUTO SERVICE CENTER a/k/o H&H AUTO SERVICES, INC., RALPH AIKEN, SHARLENE AIKEN, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendants.

## ORDER

### I. INTRODUCTION

Regent Insurance Co. ("Regent") brought this declaratory judgment action to determine its obligations, if any, arising from a June 23, 2012 car accident. Because Regent did not receive prompt notice of the accident as required by the insurance policy in question, the motion is *GRANTED*.

### II. BACKGROUND

This case arises from an automotive accident between Ralph Aiken and Alden Hanvey in Savannah. ECF Nos. 28-1 at 2; 34 at 2. Hanvey and his wife own Mitchell's Service Center d/b/a H&H Auto Service Center a/k/o H&H Auto Services, Inc. ("H&H"), the named insured on the Regent insurance policy. ECF No. 34 at 2.

In May 2008, H&H purchased three Regent insurance policies, including Commercial Automobile Policy No. CBA 0802239 ("Policy"). ECF Nos. 28-1 at 26; 34 at 3. H&H renewed that policy in 2012 but subsequently failed to pay premiums. ECF No. 34 at 31.

In June 2012, Mr. Hanvey agreed to repair a truck owned by Bravo Food Service, Inc. ("Bravo"). *Id.* at 2, 21. After taking the truck to his home to make repairs, Hanvey was driving the truck through downtown Savannah to return it to Bravo. *Id.* at 23-25. As Hanvey entered a left-turn lane on Bay Street, he realized that he was approaching Mr. Aiken's car too quickly and slammed on the brakes, but he skidded into the back of the car and caused Mr. Aiken severe injuries. *Id.* at 3. Hanvey was determined to be at fault. *Id.* Though he had not paid his own insurance premiums, he believed that Bravo's insurance covered the truck. *Id.* at 20-21.

The Aikens' counsel contacted Bravo's insurance company, which denied coverage. *Id.* at 4. In November or December 2012, Regent sent Hanvey a past-due notice on his insurance coverage. ECF No. 34-1 at 7-8. He realized that he was still insured and decided to make a claim on the Policy. *Id.* He claims that he sent Regent a certified check, waited about one week, and then informed them of the accident. *Id.* Regent, for its part, claims it was only informed of the accident on March 20, 2013. ECF No. 28-2 at 2.

The Aikens subsequently filed suit against Harvey, H&H, and Bravo. ECF No. 28-1 at 2. Regent maintained that it did not have to provide coverage because of policy exclusions, but it defended H&H and subsequently filed its Petition for Declaratory Judgment. *Id.*

### III. ANALYSIS

#### A. Legal Standard

"Summary judgment is appropriate when the record evidence, including depositions,

sworn declarations, and other materials, shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). All evidence and factual inferences, however, must be viewed "in the light most favorable to the non-moving party," and "all reasonable doubts" resolved in his or her favor. *Id.* Nevertheless, should the moving party meet its initial burden to point out the absence of evidence supporting an essential element on which the non-moving party bears the burden of proof, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A court may render summary judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, if a justiciable controversy exists. *Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). "For a controversy to exist, the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citing *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)) (internal quotations omitted) (alteration in original).

Because this diversity action arises under a Georgia contract, Georgia law governs any substantive disputes. *State Farm Mut. Auto. Ins. Co. v. Duckworth*, 648 F.3d 1216, 1224 (11th Cir. 2011).

## B. Claims

Regent contends that the plain language of the contract precludes coverage for claims arising from the accident. First, it claims that the insured breached its duty to provide notice of the claim to Regent. ECF No. 28-1 at 6. It further asserts that the Policy does not cover the vehicle that Hanvey drove—because Hanvey did not borrow Bravo's truck in furtherance of H&H's core business, the truck was not a covered "hired auto." *Id.* at 9.

The Defendants contend that whether the insured has waited an unreasonable time before notifying its insurer is a question of fact appropriate for jury resolution. ECF No. 34 at 9-11. They further say that Hanvey indeed drove Bravo's truck in furtherance of H&H's business; returning cars to customers was a service that H&H provides. *Id.* at 7-8.

Mr. Hanvey testified at deposition that he attempted to notify Regent of the accident in November or December, *only* after an insurance mailing let him know that his policy was still active. ECF No. 34-1 at 2, 7-8. According to his testimony, therefore, there would have been a five or six-month delay between the accident and Regent's notification.

The Regent policy provides that in

> "the event of 'accident', claim, 'suit' or 'loss', you, your insurance manager or any other person you designate must give us or our authorized representative prompt notice of such 'accident' or 'loss', include [sic]: (1) How, when and where the 'accident' or 'loss' occurred; (2) The 'insured's' name and address; and (3) To the extent possible, the names and addresses of any injured persons and witnesses."

ECF No. 28-1 at 39.

2

Questions of adequate notice are generally "ones of fact which must be resolved by a jury as they are not susceptible to being summarily adjudicated . . . ." *Allstate Ins. Co. v. Walker*, 562 S.E.2d 267, 268 (Ga. Ct. App. 2002). But an "unexcused significant delay in notifying an insurer about an incident or lawsuit, however, may be unreasonable as a matter of law." *Id.*

Georgia courts have long acknowledged that some circumstances will excuse an insured's failure to immediately notify an insurer. *See Smith v. Se. Fid. Ins. Co.*, 365 S.E.2d 105, 106-07 (Ga. 1988) (three-month delay acceptable when insured spent five weeks in hospital). But those courts have grown less permissive toward arguments that an insured simply misunderstood his policy. *First of Georgia Underwriters Co. v. Beck* represents the older, more permissive regime. 316 S.E.2d 519, 522 (Ga. Ct. App. 1984). There, the Court of Appeals excused the insured's two year delay in notifying her insurer because she submitted notification soon after discovering that her insurance policy provided the benefit for which she sued. *Id.*

But the Georgia Supreme Court tempered that principle, stating that the "law requires more than just ignorance, or even misplaced confidence, to avoid the terms of a valid contract" and finding no justifiable excuse for the insured's 17-month delay in notifying his insurer because he thought his employer would file a claim on his behalf. *Protective Ins. Co. v. Johnson*, 352 S.E.2d 760, 761 (Ga. 1987) (internal quotations omitted). Since *Protective Ins. Co.*, Georgia's courts have been selective in what excuses they accept to excuse a delay.

*See, e.g., Walker*, 562 S.E.2d at 269 (less than one-year delay unreasonable as a matter of law when insured did not know policy covered their claim); *Snow v. Atlanta Intern. Ins. Co.*, 354 S.E.2d 644, 645 (Ga. Ct. App. 1987) (ten-month delay unreasonable when insured did not know whom to tell about collision but failed to investigate). Cases where some delay was excused usually had a more unusual factual scenario making the delay understandable. *E.g. Standard Guar. Ins. Co. v. Carswell* 384 S.E.2d 213, 214-15 (Ga. Ct. App. 1989) (because "accident" was barely noticeable, nine-month delay not unreasonable when insured did not realize "accident" had taken place until suit filed).

Here, the accident unquestionably occurred in June 2012. Mr. Hanvey admits that he did not inform Regent until at least five or six months after the accident. ECF No. 34-1 at 7. His excuse was not a strong one—he believed that his insurance coverage had lapsed and apparently made no effort to verify that fact. ECF No. 34-1 at 7-8. His mistake seems to be exactly the sort of "ignorance, or even misplaced confidence," that does not suffice to toll the clock. *Protective Ins. Co.*, 352 S.E.2d at 761. Hanvey never alleges that his confusion as to the Policy's applicability "was due to any fraud or overreaching on the part of [the insurer] or its agents." *Walker*, 562 S.E.2d at 268 (alteration in original). Indeed, he only contacted Regent at all after Regent contacted him about his missing payments. ECF No. 34-1 at 7-8. Here, as a matter of law, the notice was insufficient.

## IV. CONCLUSION

Regent filed this declaratory action to adjudicate the scope of its liability to Defendants under the Policy. The record establishes that Regent did not receive prompt notice of the accident as required by the policy. Because the Court has held Mr. Hanvey's notice inadequate, it does not need to reach the parties' competing interpretations of the

3

covered auto provisions. The Motion for Summary Judgment, ECF No. 28, is ***GRANTED***.

This 28 day of May 2014.

*B. Avant Edenfield* (signature)
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA